BARNETTE, Judge.
This is a suit for recovery of $5,345, allegedly due plaintiff by defendant for the repair of a certain tugboat. The defendant admitted the agreement for salvage and repair but denied owing the amount claimed. Defendant contended that the repairs were not completed and the boat was never delivered back to it. Defendant reconvened seeking $6,000 damages. Judgment was rendered rejecting plaintiff’s demands and also rejecting the defendant’s reconven-tional demand. The plaintiff has appealed. Since the defendant, plaintiff in reconvention, neither appealed nor answered the appeal, the judgment rejecting the demands in reconvention is final and will not be considered.
The defendant, Arnoult & Louque Construction Company, Inc., owned the tugboat “Gail” which sank near the mouth of the Mississippi River on October 27, 1964. The plaintiff, Motto Boat Rentals, Inc., was engaged to raise the tug and move it to its shipyard for repair. There is no dispute that the agreement called for payment of $5,345, of which amount $1,500 was the charge for salvage and delivery to the shipyard and $445 was for clutch repair parts. The repairs were completed on December 22, 1964, except for replacement of the motor hatch cover.
In the meantime an agreement was reached between the defendant and its insurance adjuster and $4,845 was paid to defendant. This figure represented the amount of loss less $500, the deductible amount of the policy. The plaintiff was paid nothing for the repairs.
During the progress of repair a person identified as Tony Vullo is alleged by plaintiff’s president and chief witness, Motto J. Franicevich, to have visited the shipyard on several occasions because of his interest in purchasing the tug from defendant. On January 4 or 5, the boat was delivered by plaintiff to Vullo and was removed from plaintiff’s shipyard. Vullo had possession of the boat for a month and a half and returned it to plaintiff’s shipyard with the clutch burned out.
*387 By this time a serious dispute had arisen between plaintiff and defendant over completion of the repairs and delivery. Plaintiff refused to repair the clutch until payment be made for the original repairs as agreed, and the tug remained at plaintiff’s shipyard. In September of 1965, the tug was virtually destroyed when it was washed ashore during Hurricane Betsy. It remained there through trial of the case below.
It is admitted by defendant’s witnesses that there had been some negotiation for the sale of the tug for $6,000 to Vullo. They further admit that they no longer had need of that particular tug and had engaged a ship broker, L. M. McLeod, to find a purchaser after negotiations with Vullo had broken off. There is some evidence that Vullo’s decision not to purchase the tug was because of his inability to procure insurance due to some failure of electrical wiring to meet certain specifications.
Defendant’s officers deny any knowledge of the delivery of the tug by plaintiff to Vullo. On January 25, 1965, while the boat was in Vullo’s possession, defendant’s attorneys wrote a letter to plaintiff saying that defendant had received the insurance payment of $4,845 and demanded completion of repairs and delivery. The option was given plaintiff to either return the tug or keep it upon paying $1,055 (the difference between the repair costs and its value). If plaintiff chose the latter, defendant offered to deliver title. There is no evidence of a reply to this letter.
The trial judge, in his reasons for judgment, said in part as follows:
“The critical phase of the testimony centers around the release of the boat to Mr. Vullo. The Court has no proof other than Mr. Franicevich’s unsupported word that he was verbally authorized to release the boat to Mr. Vullo and this was flatly denied by defendant. Further, Mr. Vullo was not called to testify and no excuse was given for his failure to testify. This fact, coupled with the letter dated January 25, 1965 addressed to plaintiff by defendant’s counsel demanding return of the vessel, indicates to the Court that defendant was unaware of the actions of plaintiff in turning the boat over to Mr. Vullo and enhances the credibility of defendant.
“Having concluded that plaintiff was not authorized to turn the boat over to Vullo, the damages occasioned by Vullo to the clutch plate cannot be blamed on defendant. Since the boat was not completely repaired, it was at the risk of the contractor under the provisions of Article 2758 of the Civil Code. The Court must therefore dismiss the plaintiff’s demand.”
We fully concur in these conclusions.
The plaintiff has simply failed to prove its case by a preponderance of the evidence. In its brief before this court, plaintiff’s counsel contends that the trial judge placed too much significance on plaintiff’s failure to call Vullo to testify. He argues that since defendant had made a reconventional demand for damages on account of loss from failure to complete a sale of the tug, it was assumed that defendant would call Vullo as a witness, and further that it was not necessary to call Vullo in support of its case in view of the evasiveness of defendant’s witnesses and the clarity of plaintiff’s evidence. We cannot agree. Plaintiff had the burden of proving defendant’s authorization to it to deliver the tug to Vullo. This had to be established by a clear preponderance of the evidence, and we know of no person better able to resolve the conflicting testimony on this point than Vullo himself.
The unauthorized delivery of defendant’s tug to Vullo was the circumstance which prevented the completion of repairs and delivery of the tug to its owner and plaintiff must now bear the consequences.
For these reasons, the judgment appealed from is affirmed at appellant’s cost.
Affirmed.